IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| NO MAGIC, INC. § | |
| § | |
| *Plaintiff*, § | |
| § | Civil Action No. 2:16-CV-324 |
| v. § | |
| § | |
| GEMALTO, INC. and SAFENET, INC., § | JURY TRIAL DEMANDED |
| § | |
| *Defendants*. § | |
| § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff No Magic, Inc. files this Complaint against Gemalto, Inc. and SafeNet, Inc. for infringement of United States Patent No. 8,929,552 (the "'552 Patent").

### I. NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendants' unauthorized use, sale, and offer to sell in the United States of products, methods, processes, services and/or systems that infringe Plaintiff No Magic, Inc.'s United States patent, as described herein.

### II. PARTIES

2. Plaintiff No Magic, Inc. ("No Magic" or "Plaintiff") is a corporation organized and existing under the laws of the State of Wyoming, with its principal place of business located at One Allen Center, 700 Central Expressway South, Suite 110, Allen, Texas 75013.

3. No Magic is a twenty-year-old company whose primary focus is on the development of software products and solutions for a wide variety of customers. With over 10,000 customer companies, No Magic offers award-winning software products and services to a wide variety of industries, including the energy, automotive, financial, logistics, telecommunications and space exploration (NASA) industries.

4. On information and belief, Defendant Gemalto, Inc. ("Gemalto") is a Delaware corporation with a North American head office at 9442 Capital of Texas Highway North, Suite 400, Austin, TX, 78759. Gemalto's registered agent for service of process is Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

5. On information and belief, Defendant SafeNet, Inc. ("SafeNet" or collectively with Gemalto "Defendants") is a Delaware corporation with a head office at 4690 Millennium Drive, Suite 400, Belcamp, MD 21017. SafeNet's registered agent for service of process is C T Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201.

## III.   JURISDICTION AND VENUE

6. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 283, 284 and 285.

7. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants, and venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400.

## IV.   PLAINTIFF'S PATENT

9. The '552 Patent, entitled "Electronic Information and Cryptographic Key Management System" issued on January 6, 2015. At a high level, the '552 Patent discloses systems and methods for the securement of electronic information. The information that is to be

secured is associated with a cryptographic key. The key is then secured by encrypting it, saving it, restricting access to it, or by other means. A key management system may be tasked with securing the key and confirming that the key is indeed secured. Once it is confirmed that the key is secured, a function is triggered that is responsible for, for example, enabling the encryption of electronic information, enabling the decryption of electronic information, enabling the transfer of electronic information, enabling the saving of electronic information, enabling electronic information to be read, enabling electronic information to be rewritten, enabling electronic information to be created, enabling electronic information to be manipulated. The '552 Patent discloses enhanced security measures such as using secure socket layer for transferring keys or information and requiring multiple simultaneous access requests from multiple administrators in order to allow access to secure electronic information. A true and correct copy of the '552 Patent is attached as **Exhibit A**.

10. No Magic is the current assignee of the '552 Patent, and has all rights to sue for infringement and collect past and future damages for the infringement thereof.

## V. DEFENDANTS' ACTS

11. Defendants provide hardware, software, and services that secure electronic information via hardware security modules ("HSM") and cryptographic operations. For example, the SafeNet HSM's integrated Cryptographic Engine provides secure cryptographic storage, cryptographic acceleration, administrative access control, and policy management. Defendants' accused products associate a cryptographic key with secured information. This cryptographic key is further secured by encryption or other means. Once the securement of the cryptographic key is confirmed, the accused products enable subsequent cryptographic or data processing functions. The high-level architecture of a SafeNet Network HSM (or Luna SA 5) is illustrated in this diagram:



http://cloudhsm-safenet-docs-5.3.s3-website-us-east-1.amazonaws.com/007-011136-006_lunasa_5-3_webhelp_rev-c/startpage.htm#luna_sa_introduction.htm%3FTocPath%3DSystem%20and%20Software%20Getting%20Started%20Guide|_____0 .

12. On information and belief, Defendants also implement contractual protections in the form of license agreements with their customers to preclude the unauthorized reproduction, distribution and modification of their software. Moreover, on information and belief, Defendants implement technical precautions to attempt to thwart customers who would circumvent the intended operation of Defendants' products.

13. Moreover, Defendants provide their customers with the accused products and software and instruct their customers to use the products and software in an infringing manner, including through their website at http://www.safenet-inc.com/technical-support/ and http://www.safenet-inc.com/resource/Resources7.aspx.

14. In addition, Defendants knowingly, actively induced and continue to knowingly, actively induce (or are willfully blind to the) infringement of the '552 Patent within this District by making, using, offering for sale, and selling infringing products, as well as by contracting with others to use, market, sell, and offer to sell infringing products, all with knowledge of the '552 Patent, and its claims, with knowledge that their customers will use, market, sell, and offer to sell infringing products in this District and elsewhere in the United States, and with the knowledge and specific intent to encourage and facilitate infringing sales and use of the products by others within this District and the United States by creating and disseminating promotional and marketing materials, instructional materials, product manuals, and technical materials related to the infringing products. Defendants instruct their customers or users to configure, set up, and install the accused products such that they operate in an infringing manner. As seen in the diagram above, Defendants instruct users to deploy the accused products in a role where it will function to provide a method of securing electronic information and a key management system.

Defendants generally describe the infringing functionality in an excerpt accompanying this diagram, which can be found in Defendants' instructional materials:

**SafeNet HSM Cryptographic Engine**

The SafeNet HSM's integrated SafeNet-Luna Cryptographic Engine is used to perform cryptographic operations and provide secure storage for sensitive cryptographic keys.

The SafeNet-Luna Cryptographic Engine enables the Luna SA functionality by providing:

- secure cryptographic storage,
- cryptographic acceleration (up to 7000 1024-bit RSA signings per second),
- administrative access control and
- policy management.

The SafeNet-Luna Cryptographic Engine can also be used in conjunction with the optional Trusted Path Authentication feature to provide FIPS 140-2 Level 3 validated HSM operation. That option is factory-configured and not subject to change in the field.

http://cloudhsm-safenet-docs-5.3.s3-website-us-east-1.amazonaws.com/007-011136-006_lunasa_5-3_webhelp_rev-c/startpage.htm#luna_sa_introduction.htm%3FTocPath%3DSystem%20and%20Software%20Getting%20Started%20Guide|_____0

15. Moreover, Defendants knowingly contributed to the infringement of the '552 Patent by others in this District, and continue to contribute to the infringement of '552 Patent by others in this District by selling or offering to sell components of infringing products in this District, which components constitute a material part of the inventions of the '552 Patent, knowing of the '552 Patent and its claims, knowing those components to be especially made or especially adapted for use to infringe the '552 Patent, and knowing that those components are not staple articles or commodities of commerce suitable for substantial non-infringing use. The accused products are not staple articles or commodities of commerce because they are specifically designed to perform the claimed functionality. Any other use of the accused products would be unusual far-fetched, illusory, impractical, occasional, aberrant, or experimental.

Defendants have not implemented a design around or otherwise taken any remedial action with respect to the '552 Patent. No Magic will rely on a reasonable opportunity for discovery of evidentiary information regarding additional infringing products.

## VI.  COUNT ONE

### INFRINGEMENT OF U.S. PATENT NO. 8,929,552

16. Plaintiff No Magic realleges and incorporates herein paragraphs 1–15.

17. No Magic is the assignee and owner of all right, title and interest to the '552 Patent. No Magic has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

18. The '552 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

19. Defendants have directly infringed, and continue to directly infringe, one or more claims of the '552 Patent in this judicial District and elsewhere in Texas and the United States.

20. Defendants have directly infringed, and continue to directly infringe the '552 Patent, including but not limited to at least one or more of Claim 1, Claim 4, Claim 16, Claim 17, and claims dependent therefrom, by, among other things, making, using, offering for sale, selling, and/or importing, hardware security modules that secure electronic information and its associated cryptographic keys. Such devices include, but are not limited to, SafeNet Network HSM (formerly Luna SA), SafeNet PCIe HSM, and all reasonably similar products of Defendants.

### INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))

21. Based on the information presently available to No Magic, No Magic contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims

7

of the '552 Patent by inducing direct infringement by third parties, including without limitation manufacturers, resellers, and/or end users of the products accused of infringing the '552 Patent, in this District and elsewhere in the United States.

22. On information and belief, despite having knowledge of the '552 Patent, Defendants have specifically intended for persons who acquire and use the accused products, including without limitation end-users of the accused products, to acquire and use such devices in such a way that infringes the '552 Patent, including but not limited to at least one or more of Claim 1, Claim 4, Claim 16, Claim 17, and one or more dependent claims, and Defendants knew or should have known that their actions were inducing infringement.

23. Defendants have had knowledge of the '552 Patent and the infringing nature of their activities at least as early as the date when No Magic effected service of this Complaint.

24. Direct infringement is the result of activities performed by third parties in relation to the accused products, including without limitation by end users enabled and encouraged by Defendants to use the accused products in their normal, customary way to infringe the '552 Patent.

25. With knowledge of the '552 Patent, Defendants direct and aid third parties, including without limitation end-users of the accused products, to infringe the '552 Patent by, among other things, (i) enabling a user of the accused products to use the products to support the securement of electronic information and its associated cryptographic keys, as claimed in the '552 Patent; (ii) providing instructions (including, by way of example, software downloads, product demos, technical documents, whitepapers, and other training located at http://www.safenet-inc.com/technical-support/ and http://www.safenet-inc.com/resource/Resources7.aspx) to end-users of the accused products for using the products in

their customary way; (iii) advertising the accused products' support of the securement of electronic information and its associated cryptographic keys; and (iv) providing to third parties the products, software, and related equipment that may be required for or associated with infringement of the '552 Patent, all with knowledge that the induced acts constitute patent infringement. Defendants possess specific intent to encourage infringement by third parties, including without limitation end-users of the accused products. **Exhibit B** includes examples of Defendants' advertisements and instructions to users of the accused products regarding support of the securement of electronic information and its associated cryptographic keys.



Exhibit B at 2, available at http://www.safenet-inc.com/WorkArea/DownloadAsset.aspx?id=8589942257&LangType=1033.

**INDIRECT INFRINGEMENT (CONTRIBUTION - 35 U.S.C. §§ 271(c) and/or (f))**

26. Based on the information presently available to No Magic, No Magic contends that Defendants have indirectly infringed, and continue to indirectly infringe the '552 Patent, including but not limited to at least one or more of Claim 1, Claim 4, Claim 16, Claim 17, and one or more dependent claims, by contributing to the infringement of the '552 Patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the accused products.

27. The accused products are capable of the securement of electronic information and its associated cryptographic keys. Defendants know that the accused products (i) constitute a material part of the inventions claimed in the '552 Patent; (ii) are especially made or adapted to infringe the '552 Patent; (iii) are not staple articles or commodities of commerce suitable for non-infringing use; and (iv) are components used for or in systems that are capable of the securement of electronic information and its associated cryptographic keys as claimed in the '552 Patent.

28. No Magic is informed and believes that Defendants intend to and will continue to directly and indirectly infringe the '552 Patent. No Magic has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are thus liable to No Magic in an amount that adequately compensates No Magic for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### VII. JURY DEMAND

29. Plaintiff No Magic demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VIII. PRAYER FOR RELIEF

WHEREFORE, No Magic prays for judgment and seeks relief against Defendants as follows:

A. That the Court determine that one or more claims of the '552 Patent are infringed by Defendants, either literally or under the doctrine of equivalents;

B. That the Court award damages adequate to compensate No Magic for the patent infringement that has occurred, together with prejudgment and post-judgment interest and costs, and an ongoing royalty for continued infringement;

C. That the Court award such other relief to No Magic as the Court deems just and proper.

Respectfully Submitted,

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Shawn A. Latchford
Texas State Bar No. 24066603
sal@emafirm.com
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dpelaw.com
Adam G. Price
Texas State Bar No. 24027750
aprice@dpelaw.com
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@dpelaw.com

11

Daniel L. Schmid
Texas State Bar No. 24093118
dschmid@dpelaw.com
**DiNovo Price Ellwanger & Hardy LLP**
7000 North MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Facsimile:  (512) 539-2627

*Counsel for Plaintiff*